**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **J.S.**; **R.T.**; and **T.F.**,  Plaintiffs,  v.  **OREGON DEPARTMENT OF CORRECTIONS**; **OREGON CORRECTIONS ENTERPRISES**; and **CARLOS VILLA**,  Defendants. | Case No. 2:23-cv-845  **COMPLAINT**  **DEMAND FOR JURY TRIAL** |

Plaintiffs allege as follows:

1.      Plaintiffs J.S., R.T. and T.F.,[1] inmates in the custody of the Oregon Department of Corrections (ODOC), then housed at Two Rivers Correctional Institution (TRCI), were

---

[1] Plaintiffs J.S., R.T. and T.F. appear by their initials for fear of retaliation, humiliation and abuse if their names were known to inmates and staff at TRCI where they are still housed.

PAGE 1 – COMPLAINT

sexually harassed and abused by Carlos Villa, the Oregon Corrections Enterprises (OCE) Coordinator in the OCE laundry where they worked. Villa was employed by OCE as a coordinator.

2. Defendants violated Plaintiff's federal constitutional rights to not be subjected to sexual abuse while incarcerated.

3. Defendants violated Plaintiffs' statutory rights to not be sexually harassed and retaliated against for opposing sexual harassment in the workplace.

4. Plaintiff seeks compensatory and punitive damages, as well as attorney fees and costs as set forth below.

5. Plaintiff received a program fail because he was terminated from his position. This termination was in retaliation for opposing Villa's sexual harassment and abuse. As a result plaintiff requests an injunction directing ODOC to remove any discipline imposed because of Villa's retaliation, and reverse the penal consequences of the discipline.

**PARTIES**

6. Plaintiffs J.S., R.T., and T.F. were at all times relevant inmates at TRCI.

7. Defendant State of Oregon administers ODOC, which owns and operates TRCI.

8. Defendant OCE is an independent, self-funded agency that runs facilities at ODOC prisons. OCE employed Villa.

9. Defendant Villa was a coordinator at the TRCI OCE laundry.

**JURISDICTION & VENUE**

10. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, and pursuant to 28 U.S.C. §1343(a)(3) and (4), civil rights jurisdiction.

11. Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the

claim arose in this Judicial District and Defendants were employed by ODOC in TRCI, which are located in Umatilla County.

## GENERAL FACTUAL ALLEGATIONS

12.     In 2022, J.S., R.T., and T.F. were working in the OCE laundry at TRCI. They were supervised by Villa. Inmates are required to work if they are able under Oregon law. Plaintiffs were employed by OCE. If plaintiffs were disciplined or terminated from their positions at OCE they could incur negative consequences at TRCI including a "daily fail" or "program fail." A program or daily fail could result in lost opportunities for early release, preferential housing opportunities, and other negative consequences. Villa wielded an unequal power over plaintiffs. Sexual activity between an inmate and a ODOC employee or anyone employed to work at a prison is a crime under Oregon law. Or. Rev. Stat. §§ 163.452 and 163.454.

13.     Beginning in May 2022, Villa would ask R.T. to accompany him in the janitor storage closet where he would grab and rub R.T.'s penis. Villa would manufacture reasons to be alone with R.T. in the janitor closet and kiss and grope him. Villa over the next two months requested that R.T. pull his penis out of his pants so he could masturbate him, and that R.T. masturbate Villa. R.T. acquiesced to Villa's requests because he was his supervisor and he threatened to discipline or terminate R.T.

14.     In August 2022, R.T. told Villa he was not willing to meet him in the storage closet anymore. On August 17, 2022, defendant Villa demanded that R.T. stay late. R.T. knew this meant that Villa was going to grope him or otherwise engage in sexual contact with him. R.T. said he would not stay late. R.T. went to security and was released back to the institution. Villa called R.T. back and angrily confronted him. Villa cursed and yelled at him for not staying

late. The following day, he terminated R.T.'s employment and handed him a "program fail." R.T. met with Villa and told Villa he would not say anything (about their sexual assignations in the janitor closet). Villa agreed to give R.T. his job back but gave him a "daily fail." This resulted in R.T. losing a paycheck and losing points. The daily fail is still in effect and has not been withdrawn.

15. Starting in July 2022, Villa began groping and rubbing J.S. when they were alone. In August 2022, this progressed to demanding that J.S. pull his penis out and allow Villa to perform oral sex on him. Villa stated that if J.S. allowed him to perform oral sex on him, his job would be "secure." J.S. understood that this was a threat if he did not agree, so he did so.

16. Villa's abuse of J.S. continued until he was terminated from his employment at OCE.

17. T.F. worked at the laundry on Thursday nights, when Villa was the coordinator.

18. In May 2022, T.F. asked Villa to get gloves from the supplies room. Villa grabbed T.F.'s genitals. After this Villa asked T.F. if he wanted to come work with him on night shift.

19. On a subsequent occasion, Villa came up behind T.F. and pressed his erect penis up against T.F.'s anus. T.F. moved away and Villa asked, "What?" T.F. stated that he was not homosexual, and Villa asked, "Do you like your job and do you want to keep it?" T.F. said, "Are you serious right now?" and walked away.

20. On a subsequent occasion, Villa asked T.F. if he was a Sureño. T.F. explained that he used to be but he dropped out. Villa then told him he was a Sureño and said, "That's what's up." By the tone of his voice and the expression on his face, this was a threat since T.F. is a dropout. T.F. stopped signing up to work on Thursday nights because he did not want to encounter Villa again.

21. On multiple occasions in August 2022, Villa had T.F. clear the room he was working on so he was alone. Villa then went to a room and started groping another inmate. Villa saw T.F. see them and then stopped. Villa told him, "If you want to keep your job you didn't see shit."

22. Shortly after this encounter Villa was walked out of the institution and was apparently fired.

23. J.S., R.T., and T.F. suffered and continue to suffer severe emotional distress as a result of Villa's conduct.

24. Plaintiff J.S. timely served tort claim notices and plaintiffs exhausted their administrative remedies.

## COUNT I

### (42 U.S.C. § 1983 – Eighth Amendment)

### (Against VILLA and OCE)

25. Plaintiffs re-allege all prior paragraphs as if fully stated herein.

26. By sexually harassing, sexually assaulting, and retaliating against J.S. and R.T., defendants Villa and OCE violated Plaintiffs' Eighth Amendment Rights under the U.S. Constitution.

27. Defendants Villa and OCE caused Plaintiffs mental, emotional, and physical pain and injuries. Plaintiff seeks compensatory damages to redress these injuries.

28. Defendants Villa and OCE's acts were willful and malicious and done with reckless indifference to Plaintiffs' protected rights. Defendants Villa and OCE should be assessed punitive damages in an amount as fixed by a jury to punish them and to deter such conduct in the future.

29. Plaintiffs are entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT II

### (Battery)

### (Against STATE and OCE)

30. Plaintiff J.S. realleges and incorporates all prior paragraphs as though fully set forth herein.

31. Defendants State and OCE through their employee Villa acting within the course and scope of his employment caused harmful and offensive contact with Plaintiffs on multiple occasions, to wit, sexual assault.

32. As a result of the above-described battery, Plaintiff suffered mental, emotional, and physical pain and injuries. Plaintiff seeks compensatory damages to redress these injuries.

33. Plaintiff is entitled costs and disbursements incurred herein.

## COUNT III

### (Or. Rev. Stat. § 124.105 - Vulnerable Persons Act)

### (Against STATE and OCE)

34. Plaintiff J.S. realleges and incorporates all relevant paragraphs as though fully set forth herein.

35. At all material times, Plaintiff J.S. was a vulnerable person.

36. Defendants State and OCE's actions constituted physical abuse of Plaintiff J.S. by sexually abusing him. This violated Or. Rev. Stat. § 124.105. As a result of this sexual abuse, Plaintiff J.S. suffered severe emotional distress, including anxiety, fear, and humiliation.

37. Pursuant to Or. Rev. Stat. § 124.100(2)(b), Plaintiff is entitled to damages in an amount equal to three times all his non-economic damages, in an amount to be determined fair

by a jury.

38. Pursuant to Or. Rev. Stat. § 124.100(2)(a), Plaintiff J.S. is entitled to three times all his economic damages resulting from the physical abuse of Plaintiff or $500.00, whichever is greater.

39. Pursuant to Or. Rev. Stat. § 124.100(2)(c), Plaintiff J.S. is entitled to his reasonable attorney fees and costs.

## COUNT IV

### (Or. Rev. Stat. § 659A.030(1)(b) and (f))

### (Against STATE and OCE)

40. Plaintiff J.S. re-alleges all prior paragraphs as though fully set forth herein.

41. Defendants State and OCE are "employers" within the meaning of ORS 659A.001(4) and ORS 659A.030.

42. In violation of ORS 659A.030(1)(a) and (b), Defendants State and OCE discriminated against Plaintiff J.S. because of his sex, created a hostile working environment, and retaliated against him.

43. As a result of Defendants State and OCE's conduct, Plaintiff J.S. suffered and continue to suffer non-economic and economic damages. Plaintiffs are entitled to the relief, damages, attorney fees, costs, and interest alleged below.

44. Plaintiff is entitled to equitable relief, including, but not limited to, reinstatement to employment with Defendant OCE, the removal of any discipline, and reversal of the effects of any discipline. Plaintiffs are entitled to an award economic damages and compensatory damages.

45. To the extent any amount awarded to Plaintiffs are for damages occurring prior to the entry of judgment, Plaintiffs are entitled to an award of pre-judgment interest at the legal rate

from the date the damage occurred until the date of judgment.

    46.    Pursuant to ORS 659A.885 and ORS 20.107, Plaintiffs are entitled to recover reasonable attorneys' fees and costs, including expert witness fees.

    47.    Plaintiffs are entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment granting him:

a) An award of compensatory damages, both economic and noneconomic, in a sum that is just as determined by a jury;

b) An award of punitive damages in a sum that is just as determined by a jury;

c) Equitable relief;

d) Treble damages;

e) Plaintiff's costs and attorney fees in this suit; and

f) Any additional relief this court deems just, proper, and equitable.

**Plaintiff requests a trial by jury on all matters so triable.**

DATED: June 9, 2023

                              **Law Offices of Daniel Snyder**

                              *s/ John Burgess*
                              John Burgess, OSB No. 106498
                              johnburgess@lawofficeofdanielsnyder.com
                              Tel: (503) 241-3617 / Fax: (503) 241-2249
                              Attorneys for Plaintiff